**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1541
_____

UNITED STATES OF AMERICA

v.

HARVEY M. SHANER, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-18-cr-00056-001)
Honorable Edward G. Smith, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 12, 2021

Before: AMBRO, KRAUSE, and PHIPPS, *Circuit Judges*

(Opinion filed: May 24, 2021)
_____

OPINION[*]
_____

KRAUSE, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Harvey Shaner pleaded guilty to escape, failure to surrender, and possession of a firearm as a convicted felon, in violation, respectively, of 18 U.S.C. §§ 751(a), 3146(a)(2), and 922(g)(1). He now challenges the thirty-three-month prison sentence the District Court imposed on those counts. In addition, in supplemental briefing following *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), Shaner argues that his conviction under § 922(g) should be vacated if he did not allocute to knowledge of his status as a felon in his plea colloquy. Because we perceive no error in Shaner's sentence nor plain error in his conviction, we will affirm.

## I.    Discussion[1]

Shaner contends that his sentence was procedurally and substantively unreasonable, *see United States v. Fountain*, 792 F.3d 310, 322 (3d Cir. 2015), and that his § 922(g) conviction cannot stand in the wake of *Nasir*. Neither argument is persuasive.

Procedurally, Shaner argues that the District Court did not meaningfully evaluate the sentencing factors in 18 U.S.C. § 3553(a) because the Court's discussion was cursory and vague. He also objects that it glossed over certain aspects of his case, including his mental and physical health problems, his post-conviction conduct, and the fact that, as a skilled craftsman, he can pay restitution in a related case where he was convicted for fraud.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the substantive reasonableness of a sentence for abuse of discretion, *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc), and we likewise review a District Court's decision to impose a concurrent or consecutive sentence for abuse of discretion, *United States v. Swan*, 275 F.3d 272, 275 (3d Cir. 2002). Where, as here, a defendant did not raise a procedural objection in the District Court, we review procedural reasonableness for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014).

But a district court "need not . . . 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account,'" *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007), and the District Court here expressly addressed not only such § 3553(a) factors as deterrence, the need for treatment, and the seriousness of the offense, 18 U.S.C. § 3553(a)(1)–(2), but also Shaner's post-conviction conduct and his mental health and medical concerns. In light of the District Court's lengthy and detailed analysis of the sentencing factors and its assurance that it considered all of the information that was provided to it, we are satisfied that Shaner's sentence was procedurally reasonable.

As for substantive unreasonableness, Shaner claims that because his sentence will run consecutively to his pre-existing fifty-one-month sentence for fraud, it fails to account for his health, his age, and his ability to pay restitution in his fraud case. But substantive reasonableness review is "highly deferential," *Bungar*, 478 F.3d at 543, and "[s]entences that fall within the applicable Guidelines range," as Shaner's does here, "are more likely to be reasonable than those that do not," *Fountain*, 792 F.3d at 322. Especially considering the District Court's finding that Shaner created a very dangerous situation when he fled from law enforcement, which put police officers and bystanders at risk of serious bodily injury or death, and given that his sentence for failure to surrender must "be consecutive to the sentence of imprisonment for any other offense," 18 U.S.C. § 3146(b)(2), we cannot say that "no reasonable sentencing court would have imposed the same [consecutive] sentence" at the high end of the Guidelines range, *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

3

Finally, in urging that his § 922(g) conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *Nasir*, Shaner points out that he was not explicitly asked and did not explicitly allocute to the element of knowledge of his felon status in the course of his guilty plea. Although we have not squarely addressed *Rehaif* errors in the plea context, we explained in *Nasir* that the government is not "free to ignore the elements of the charged offense at a plea colloquy" and "must always make a record demonstrating a factual basis for the crime to which the plea is entered," 982 F.3d at 166 n.21, so we assume for purposes of this appeal that "[p]roof of knowledge of status is now essential" in a guilty plea under § 922(g), *id.* at 160.

Because Shaner failed to raise this argument in the District Court, we review for plain error, *id.*, and we find none here. While Shaner's guilty plea did not reference the scienter element of § 922(g), in violation of *Rehaif*, 139 S. Ct. at 2194, he did admit that he possessed a revolver while fleeing from law enforcement officers who were trying to take him into custody to serve his fifty-one-month sentence for fraud. That is sufficient in the record of a plea proceeding "to show that [Shaner] was aware of his status as a felon at the [relevant] time." *Nasir*, 982 F.3d at 170 n.29. As a result, any error did not "affect[] his substantial rights," *id.* at 171, and therefore does not rise to the level of plain error.

## II. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.